IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MATTHEW T. CULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  12-1032 |
| | ) | |
| ILLINOIS DEPARTMENT OF HUMAN | ) | |
| SERVICES and ILLINOIS DEPARTMENT | ) | |
| OF CORRECTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on the Motion to Dismiss (d/e 7) filed by Defendants Illinois Department of Human Services (DHS) and Illinois Department of Corrections (DOC).  For the reasons that follow, the Motion to Dismiss is GRANTED.

I.  FACTS

On January 24, 2012, Plaintiff Matthew T. Cullen, pro se, filed a 143 page Complaint with an additional 139 pages of exhibits.[1]  See

---

[1] The case was originally filed in the Peoria Division and transferred to Springfield Division because venue was not proper in the Peoria Division.  See d/e 4.

Cmplt. (d/e 1).  Given the length of Plaintiff's Complaint, this Court cannot definitively determine each claim Plaintiff may be attempting to raise.  However, Plaintiff clearly seeks to bring an action pursuant to 42 U.S.C. § 1983 for alleged violations of the Establishment and Free Exercise Clauses of the First Amendment of the United States Constitution.  See Cmplt. p. 1.  Plaintiff seeks to "enjoin the Defendants from their continuing endorsement, funding, and implementation of Twelve Step programing based on the ideology of Alcoholics Anonymous (referred to herein as 'A.A') as that ideology and methodology unduly discriminates against non-theists such as [Plaintiff] and impedes or obstructs secular non-Twelve Step alternative treatments, policies, and interventions."   Cmplt. p. 2.

Plaintiff, who is no longer incarcerated in DOC, asserts he has standing to bring the claims, even though he is not currently  mandated to attend Twelve Step programing.  Cmplt. p. 2.  Plaintiff asserts he has the right to seek redress for violations of his constitutional rights while incarcerated by DOC because he was offered no recourse against the

violations while incarcerated.  Cmplt. p. 20.

In his Complaint, Plaintiff alleges that DOC denied him the privileges otherwise awarded to participants in the Treatment Alternative for Safer Communities (TASC) program, including good-time credit and post-release employment assistance, because of Plaintiff's objection to participating in Twelve Step-based programming while incarcerated by DOC at Sheridan, Stateville, and Western Illinois Correctional Centers. Cmplt. p. 13.  Plaintiff further alleges that DOC denied him non-secular substance-abuse treatment.  Cmplt. p. 14.  Plaintiff also complains that a substance-abuse counselor at Western Illinois Correctional Center distributed A.A. texts to inmates.  Cmplt. p. 15.

Plaintiff also makes a number of allegations against the DHS Division of Alcoholism and Substance Abuse.  Those allegations include the claim that DHS suppressed complaints against the Twelve Step program and limited or obstructed the availability of secular, non-Twelve Step treatment options.  Cmplt.  p. 17.

Plaintiff seeks injunctive relief, including an order that DHS and

DOC (1) "terminate their unconstitutional government implementation, endorsement, licensing, and funding of treatment programs which are based on the explicitly religious, medically erroneous ideology of the Twelve Step Program" of A.A.; and (2) "terminate the coercion of persons to engage in A.A. Twelve Step programing by both [DOC] and public and private addiction treatment programs which are licensed by and/or contracted by the State of Illinois" through Defendants.  See Cmplt. p. 1.  Plaintiff further seeks a declaratory judgment that programs based on the Twelve Step program of A.A. violate the Establishment Clause of the First Amendment.  Cmplt. p. 2.  In addition, Plaintiff seeks the costs of filing suit.[2]  Cmplt. p. 2.

Defendants have moved to dismiss the Complaint on two grounds.  First, Defendants assert that the Complaint is barred by the Eleventh Amendment and that the Defendants are not persons amendable to suit.  See Fed. R. Civ. P. 12(b)(1) (dismissal for lack of subject matter jurisdiction).  Second, Defendants assert that the Complaint fails to

---

[2] Plaintiff specifically mentions the $350 filing fee, but the Court notes Plaintiff was granted leave to proceed in forma pauperis.  See Text Order of February 6, 2012.

comply with Rule 8 of the Federal Rules of Civil Procedure.  See Fed. R.Civ. P. 12(b)(6) (dismissal for failure to state a claim).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When considering a Rule 12(b)(1) motion, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff.  Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999).  However, the plaintiff bears the burden of proving the jurisdictional requirements have been met. United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  For purposes of the motion, this Court must accept as true all well-pleaded allegations contained in the complaint and draw all inferences in the light most

favorable to the non-moving party.  Estate of Davis v. Wells Fargo Bank, 633 F.3d 529, 533 (7th Cir. 2011).  To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis.  Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  This means that (1) "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level."  EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

This Court further notes that "pro se litigants are held to a lesser pleading standard than other parties."  Federal Exp. Corp. v. Holowecki, 552 U.S. 389, 402 (2008); see also McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010) (noting that the district court must construe a pro

se complaint liberally).

### III.  ANALYSIS

Defendants argue Plaintiff's § 1983 claims are barred by the Eleventh Amendment and that the Defendants are not persons amendable to suit.  Defendants also argue the Complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure.

As noted above, Plaintiff clearly seeks to bring a § 1983 claim for alleged violations of the First Amendment.  Defendants, as State agencies, are not "persons" amenable to suit under § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989); Illinois Dunesland Preservation Society v. Illinois Dept. of Natural Resources, 584 F.3d 719, 721 (7th Cir. 2009) (stage agency was not a person within the meaning of § 1983).  Moreover, the Eleventh Amendment bars the claims against Defendants.

The Eleventh Amendment "bars federal jurisdiction over suits brought against a state, not only by citizens of another state or a foreign state, but also by its own citizens." MCI Telecommunications Corp. v.

Illinois Bell Telephone Co., 222 F.3d 323, 336 (7th Cir. 2000). This jurisdictional bar applies "regardless of the nature of the relief sought." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The immunity afforded by the Eleventh Amendment extends to state agencies. Id. See also Spain v. Elgin Mental Health Center, 2011 WL 1485285, at *4 (N.D. Ill. 2011) (Eleventh Amendment grants DHS sovereign immunity); Hall v. Carter, 2011 WL 499954, at *2 (S.D. Ill. 2011) (Eleventh Amendment shields DOC, a state agency, from suits in federal court).

However, three exceptions to the Eleventh Amendment's bar apply. That is, a State can be sued in federal court where: (1) Congress has abrogated the State's immunity from suit, (2) a State has waived its immunity and consented to suit, or (3) the suit is one against a state official seeking prospective injunctive relief for an ongoing violation of federal law (Ex Parte Young, 209 U.S. 123, 159-60 (1908)). See Indiana Protection & Advocacy Serv. v. Indiana Family & Social Serv. Administration, 603 F.3d 365, 371 (7th Cir. 2010); Sonnleitner v. York,

304 F.3d 704, 717 (7th Cir. 2002).

Plaintiff first argues that Congress has abrogated the State's immunity from suit. An individual may sue States directly in federal court if Congress has abrogated the States' immunity from suit. However, it is well-established that Congress did not abrogate the States' Eleventh Amendment immunity when enacting 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 342-43 (1979); Joseph v. Board of Regents of University of Wisconsin System, 432 F.3d 746, 749 (7th Cir. 2005).

Plaintiff argues, however, that "the Rehabilitation Act could also be applied in this case to abrogate the State's claim of immunity due to the fact that the state discriminates against participants or potential participants of programs which are administered by [DHS Division of Alcoholism and Substance Abuse] and [DOC] that receive federal funds." See Response (d/e 9), p. 7; see also 42 U.S.C. § 2000d-7 (providing that a State is not immune under the Eleventh Amendment for claims in federal court under § 504 of the Rehabilitation Act, the Age

Discrimination Act, Title IX, Title VI, or "the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance"). Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded for participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C. § 794. Even under a liberal interpretation of Plaintiff's Complaint, this Court does not find a Rehabilitation Act claim. See Grzan v. Charter Hosp. of Northwest Ind., 104 F.3d 116, 119 (7th Cir. 1997) (to state a claim under § 504 of the Rehabilitation Act, a plaintiff must allege he is an individual with a disability, is otherwise qualified for the benefit sought, was discriminated against solely by reason of his disability, and the program or activity in question receives federal financial assistance); King v. Edgar, 1996 WL 705256, at *5 (N.D. Ill. 1996) (" A person has a claim under the

Rehabilitation Act only if he or she has been excluded from participation "solely by reason of her or his disability""").

Plaintiff also asserts the Eleventh Amendment does not bar his claims because he seeks only injunctive and declaratory relief. However, the Eleventh Amendment bars a suit in federal court against a State or a State agency regardless of the relief sought. As noted above, a plaintiff can sue a state official in his official capacity for prospective relief from an ongoing violation of federal law. See Ex Parte Young, 209 U.S. at 159-60. However, Ex Parte Young does not permit a suit against a State or State agency for injunctive relief. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) ("[t]he doctrine of Ex Parte Young . . . has no application in suits against States and their agencies, which are barred regardless of the relief sought").

Therefore, because Defendants are not persons amenable to suit under § 1983 and because the Eleventh Amendment bars Plaintiff's § 1983 claims against DOC and DHS, the § 1983 claims against these Defendants are dismissed. However, because Plaintiff may be able to

bring a viable § 1983 claim if he sues the proper official in his or her official capacity, the dismissal is without prejudice and with leave to file an Amended Complaint.  See, e.g., Kerr v. Farrey, 95 F.3d 472, 479-480 (7th Cir. 1996) (finding that requiring prison inmate to attend Narcotics Anonymous meetings "under threat of meaningful penalties" violated the Establishment Clause); Inouye v. Kemna, 504 F.3d 705 (9th Cir. 2007) ("it is essentially uncontested that requiring a parolee to attend religion-based treatment programs violates the First Amendment").

Moreover, although not mentioned by either party, the Court notes that Plaintiff may have a claim against these Defendants under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq.  See, e.g., Ortiz v. Downey, 561 F.3d 664, 670 (7th Cir. 2009) (a pro se prisoner who alleges unconstitutional restrictions on his religious practices states a claim under the RLUIPA); Kaufman v. McCaughtry, 419 F.3d 678, 682 (7th Cir. 2005) (the term "'religion' includes non-theistic and atheistic beliefs").  The RLUIPA permits a suit against a State or State agency in federal court for

injunctive relief but not damages.  See Sossamon v Texas, 131 S. Ct. 1651, 1663 (2011) (finding "that States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA"); see also Sossamon, 131 S. Ct. at 1664 (Sotomayor, J., dissenting) (noting "[t]here is also no dispute that RLUIPA clearly conditions a State's receipt of federal funding on its consent to suit for violations of the statute's substantive provisions" ). Although this Court must construe a RLUIPA claim even if a Plaintiff does not cite that provision in the Complaint, this Court questions whether Plaintiff's claim for injunctive relief is moot because he is no longer incarcerated.  See Koger v. Bryan, 523 F.3d 789, 804 (7th Cir. 2008) (finding the plaintiff's request for injunctive relief under the RLUIPA was rendered moot by his release from prison); Whitfield v. Illinois Dept. of Corrections, 2011 WL 5282639, at *4 (S. D. Ill. 2011) (dismissing with prejudice the RLUIPA claims noting that "[s]ince Plaintiff has been released from prison, injunctive relief is no longer necessary").  Therefore, the Court dismisses the entire Complaint against

Defendants but grants Plaintiff leave to amend.

While this Court is granting Plaintiff leave to file an Amended Complaint, Plaintiff is advised that Defendants' assertion in the Motion to Dismiss– that Plaintiff's Complaint failed to comply with Federal Rule of Civil Procedure 8– is well-taken.  When drafting his Amended Complaint, Plaintiff should keep in mind that Rule 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and a concise statement of the grounds for the court's jurisdiction.  Fed. R. Civ. P. 8.  Plaintiff should state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b); <u>Mutesha v. Zebra Technologies Corp.</u>, 1996 WL 361553, at *1 (N.D. Ill. 1996) (directing the plaintiff to file an amended complaint that corrects the problems, including the plaintiff's failure to list his averments in numbered paragraphs).  Although length alone is not a sufficient basis for dismissing a complaint (<u>Standard v. Nygren</u>, 658 F.3d 792, 787 (7th Cir. 2011)), if a complaint's length and lack of clarity make it

unintelligible, dismissal under Federal Rule of Civil Procedure 8 is warranted. Lindell v. McCallum, 352 F.3d 1107, 1110 (7th Cir. 2003).

Plaintiff is further advised that the Amended Complaint must stand complete on its own, without reference to the original Complaint. Plaintiff must clearly list each defendant he intends to sue and state what he is accusing each Defendant of doing. In other words, Plaintiff must provide only enough detail to "illuminate the nature of the claim and allow the defendants to respond." George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).

## IV.  CONCLUSION

For the reasons stated, the Motion to Dismiss [7] is GRANTED and the Complaint is dismissed without prejudice. Plaintiff is granted leave to file an Amended Complaint on or before June 19, 2012. Plaintiff is advised that a standard § 1983 complaint form is available on the Court's website, www.ilcd.uscourts.gov. Once Plaintiff has filed his Amended Complaint, the Clerk shall prepare Summons and Marshal's Form USM 285 for service of the Amended Complaint on any new

defendants.

ENTER: May 31, 2012

FOR THE COURT:

                                        s/ Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE